FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

JAN 15 2009

JAMES N. HATTEN, Clerk
By /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JESSICA MARTIN, LE#1446139, Plaintiff, | : : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : : | CIVIL ACTION NO. 1:08-CV-3900-TWT |
| UNNAMED DEFENDANT, Defendant. | : : | |

## ORDER AND OPINION

Plaintiff Jessica Martin, a pre-trial detainee at the Clayton County Jail in Jonesboro, Georgia, has filed a letter that the Clerk has docketed as a pro se civil rights action. Plaintiff, however, has not submitted the $350.00 filing fee or a request to proceed in forma pauperis. For the purpose of dismissal only, leave for Plaintiff to proceed in forma pauperis is hereby **GRANTED**, and the matter is now before the Court for a 28 U.S.C. § 1915A frivolity screening.

I.  28 U.S.C. § 1915A Frivolity Determination

Pursuant to 28 U.S.C. § 1915A, Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief against a

AO 72A
(Rev.8/82)

defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or "indisputably meritless." Caroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A claim may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation).

AO 72A
(Rev.8/82)

Plaintiff essentially complains that her bond is too high. To the extent that Plaintiff seeks this Court's intervention with the amount of bail set in her state action, she presents no factual allegations suggesting that her claims cannot adequately be raised in her pending state prosecution and this Court is prohibited from intervening therein by the doctrine of abstention articulated in Younger v. Harris, 401 U.S. 37 (1971). In Younger, the Supreme Court established that federal courts "should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Id. at 43-44. Constitutional claims must, instead, be raised in the ongoing state proceeding "'unless it plainly appears that this course would not afford adequate protection.'" Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 244 (1926)). Because Plaintiff fails to demonstrate that she lacks an adequate opportunity to present her claims in the state court proceedings, the Younger abstention doctrine prohibits this Court from addressing them.

Extraordinary circumstances may justify intervention in circumstances where a plaintiff alleges great, immediate and irreparable injury or a flagrant violation of an express constitutional prohibition. See Younger, 401 U.S. at 46.

However, Plaintiff has not alleged irreparable injury or a flagrant violation of her rights. Thus, this exception to the Younger doctrine is not applicable here.

To the extent that Plaintiff seeks release based upon any of her claims, habeas corpus, rather than section 1983, is the exclusive remedy for a state prisoner who challenges the fact or duration of her confinement. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Plaintiff may file a 28 U.S.C. § 2254 federal habeas corpus petition in the district in which she was convicted following her exhaustion of state court remedies. See 28 U.S.C. § 2254(b)(1)(A); Tooten v. Shevin, 493 F.2d 173, 175 (5th Cir. 1974). Because Plaintiff has not exhausted her state court remedies, the Court declines to construe this action as a habeas corpus petition. Accordingly, any challenge by Plaintiff to her current confinement is subject to dismissal under § 1983.

AO 72A
(Rev.8/82)

II. Conclusion

Based on the foregoing analysis, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted, and this action is hereby **DISMISSED** as frivolous, pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED**, this 15 day of January, 2009.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)